IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KATHY FARRELL, #28152-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv695** |
| | § | **CRIMINAL ACTION NO. 4:18cr223(2)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant Kathy Farrell filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging her Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. For purposes of an evidentiary hearing held on May 30, 2023, the Court appointed counsel. After a careful consideration of the case, and for the reasons stated below, the Court recommends that the § 2255 motion be denied.

**I. BACKGROUND**

On February 20, 2019, Movant entered into a written plea agreement in which she pled guilty to conspiracy to possess with the intent to manufacture and distribute forty-five kilograms or more of a mixture containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Crim. ECF (Dkt. #202 at 3). Movant appeared before United States Magistrate Judge Christine Nowak on March 15, 2019, at which time Movant pled guilty. Crim. ECF (Dkt. #200). After the hearing, having found Movant's plea of

guilty to be knowing and voluntary, the Magistrate Judge issued Findings of Fact and Recommendation on Guilty Plea, in which she recommended that Movant's guilty plea be accepted. Crim. ECF (Dkt. #205). The District Court adopted the Magistrate Judge's Findings on March 15, 2019, Crim. ECF (Dkt. #249). On September 13, 2019, the District Court conducted Movant's sentencing hearing, Crim. ECF (Dkt. #434), and on September 16, 2019, the District Court's sentence of three hundred sixty months' imprisonment was issued, Crim. ECF (Dkt. #441). Movant did not file a direct appeal.

Movant filed the present § 2255 motion on September 9, 2020, the date she states she placed it in the prison mailing system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a *pro se* petitioner's federal petition is filed on the date it is placed in the prison mail system) (Dkt. #1). Movant asserts she is entitled to relief based on ineffective assistance of counsel. The Government filed a Response, conceding that an evidentiary hearing would be required as to whether Movant instructed Counsel to file a notice of appeal, but asserted the remaining issues raised are without merit (Dkt. #12). On March 14, 2022, Movant filed a Reply (Dkt. #16). Because Movant asserts Counsel was ineffective for failing to file a notice of appeal on her behalf, an evidentiary hearing was conducted on May 30, 2023. For the reasons stated below, the Court concludes that Movant is not entitled to relief.

## II.  STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). In a § 2255 proceeding, a movant may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be

drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant pled guilty pursuant to a written plea agreement, but reserved for review a sentence exceeding the statutory maximum, as well as claims of ineffective assistance of counsel. Movant does not assert that her sentence exceeds the statutory maximum, but raises numerous ineffective assistance of counsel claims.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, she must also show that, but for trial counsel's alleged deficient performance, she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**A.**   *Tapp* **Issue and Hearing**

Movant asserts Counsel was ineffective for failing to file a notice of appeal after being instructed to do so. The Court ordered an evidentiary hearing to determine whether Movant is entitled to relief pursuant to *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).

A *Tapp* issue concerns whether Movant was denied an appeal due to ineffective assistance of counsel. In *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993), the Fifth Circuit was confronted with the issue of whether counsel's actions caused Gipson to lose his right to appeal. The Court held that prejudice occurs where a defendant relies upon his attorney's unprofessional errors, and such reliance results in the denial of a defendant's right to appeal. *Gipson*, 985 F.2d at 215 (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). If a movant can prove that ineffective assistance of counsel denied him his right to appeal, then he need not further establish that he had some chance of success on appeal. *Gipson*, 985 F.2d at 215 (citations omitted). The Supreme Court subsequently came to the same conclusion, holding that when an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able

to raise meritorious issues on appeal to show that his attorney was ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000). More recently, the Fifth Circuit held that "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Tapp*, 491 F.3d at 266.

    1.    **Testimony of Trial Counsel - Carl Day**

At the evidentiary hearing, Counsel testified that he has been practicing federal criminal defense law since 2004. Counsel testified that he represented Movant in her conspiracy case during the plea process and through sentencing.

Counsel testified that he reviewed the plea agreement with Movant, paragraph by paragraph, and explained all aspects of the plea agreement, including the waiver paragraph and the two issues that she reserved for review. Counsel said this is his normal practice – to explain each and every paragraph of the plea agreement as well as all appellate rights – with every client. Furthermore, he routinely reminds clients about their appellate rights and the District Judge's sentencing authority on the day of sentencing.

Counsel testified that after Movant was sentenced to what he considered a somewhat heavy sentence, Movant was upset. Counsel testified that he told Movant to let him know if she wished to appeal in no less than ten days. Counsel recalled Movant saying something to the effect of, "[D]on't worry about it." Counsel testified that, had Movant asked for an appeal, he certainly would have filed a notice of appeal on her behalf.

On cross-examination, Counsel said he does not recall Movant being unhappy about the PSR

recommendations and that he reviewed the calculations and found them to be correct. While Counsel recalled Movant being upset after being sentenced, he testified that she did not ask for an appeal. Counsel testified that Movant never told him that if her sentence was greater than twenty years, she wanted to appeal. Counsel does not recall receiving a phone call from Movant from jail after sentencing.

  **2. Testimony of Movant - Kathy Jo Farrell**

Movant testified that she retained Counsel to represent her in the conspiracy case. She testified that Counsel brought the PSR to her while she was confined in the Denton County Jail. She claims that she told Counsel she would want to appeal if her sentence was greater than twenty years. She also testified that during a phone call to Counsel's secretary after sentencing, she reminded her to file a notice of appeal. She said that she was in shock after her sentence was announced.

On cross-examination, Movant said that she was certain she told Counsel to file an appeal, and that her Mother and niece asked Counsel's secretary to file an appeal. She claimed that she called Counsel's office on the Monday after her Friday sentencing to ask for an appeal. She also said she placed more phone calls prior to being transferred, but no one answered. She conceded she made no further phone calls after transit. Movant also conceded that she did not talk to her appointed attorney for the *Tapp* hearing about calling her Mother, niece, or Counsel's secretary to corroborate Movant's testimony. Movant claims she does not recall Counsel going over the plea agreement, waiver language, or her appellate rights with her. However, she conceded that she signed the plea agreement.

The Court questioned Movant about the conflict of representations made in this case, noting that throughout her § 2255 motion, Movant stated that she did not file an appeal because she did not

know that she could. The Court asked for Movant's testimony to help resolve the conflict with what Movant stated in her § 2255 motion and what Movant testified to at the hearing. In response to the Court's inquiry, Movant testified that someone helped her file the § 2255 motion, maintaining that she asked for an appeal. Movant testified that her testimony at the hearing was true, while what was stated in Movant's § 2255 motion was not true.

Movant also testified that she was never told she had fourteen days in which to file an appeal. The Court read Judge Crone's admonishment from the sentencing hearing, which clearly advised Movant of her fourteen days in which to file an appeal. At the sentencing hearing, Judge Crone stated:

> You have a right to appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. . . . With the exception of the reservation of the right to appeal on specified grounds set forth in the Plea Agreement, you have waived any appeal, including collateral appeal . . . . Such waivers are generally enforceable, but if you believe the waiver is unenforceable, you can present that theory to the Appellate Court. With few exceptions, any Notice of Appeal *must be filed within 14 days of judgment being entered in your case.* If you are unable to pay the costs of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of the Court will prepare and file a Notice of Appeal on your behalf.

Crim. ECF (Dkt. #750 at 16-17) (emphasis added). Movant does not recall if she ever wrote a letter to Counsel asking for an appeal or the status of an appeal.

### 3. Findings and Conclusions

Movant's testimony at the evidentiary hearing conflicted with her written § 2255 motion. After raising her first ground for relief in her § 2255 motion, she states she did not raise the issue on direct appeal because, "I didn't have an option for an appeal." (Dkt. #1 at 4). "The conviction was not appealed due to the fact that I didn't know I could.*" Id.* at 5. In response to the same

question on her second ground for relief, Movant responded, "No direct appeal was offered." *Id.* at 6. "An appeal was not done [due] to the fact I didn't know I could raise one." *Id.* at 7. Finally, in response to the same question on her third ground for relief, Movant responded, "Didn't know I could." *Id.* at 7. "Attorney didn't inform me I could do a direct appeal." *Id.* at 8. Movant was consistent throughout her § 2255 motion that she did not know she could appeal. At the evidentiary hearing, however, she changed direction and testified that she asked Counsel to file an appeal.

Additionally, at the evidentiary hearing, Movant claimed she was not advised of her appellate rights. The record shows, however, that Judge Crone properly admonished Movant of her appellate rights, advising her that if she wished to appeal, she had fourteen days in which to do so, that the Clerk of Court would file a notice on her behalf, and that if she could not afford an appeal, she could apply to proceed *in forma pauperis*.

In contrast, Counsel testified that he was thorough in explaining the plea agreement, paragraph by paragraph, as well as each of Movant's appellate rights. He testified that Movant never asked for an appeal. Counsel further testified that he certainly would have filed a notice of appeal had Movant asked.

After reviewing the evidence in the record and evaluating the credibility of the witnesses at the *Tapp* hearing, the Court finds that Movant failed to meet her burden of showing by a preponderance of the evidence that she directed Counsel to file an appeal. Movant fails to show Counsel was ineffective in this regard, or that she is entitled to an out-of-time appeal pursuant to *Tapp*. This issue is meritless.

B. **Failure to Provide Discovery Material to Movant**

Movant claims Counsel was ineffective because he failed to provide her with all the trial discovery. The record contradicts this claim. At her Plea Hearing, Movant affirmed that she "had a full and fair opportunity to talk with [Counsel] about all the facts of [the] case and any defenses [she] might have to this charge[.]" Crim. ECF (Dkt. #749 at 14). She affirmed that "following all of [her] communications" with Counsel, she was "fully satisfied with the representation and the advice" she received as well as her decision to enter a guilty plea. *Id*. This issue is contradicted by the record. Movant fails to show that Counsel's performance was deficient or that it affected the outcome of her case. *Strickland*, 466 U.S. at 694. Movant points to no evidence showing that she would have insisted on going to trial, but for Counsel's alleged deficient performance. *Hill,* 474 U.S. at 57-59. She fails to meet her burden. This issue is meritless.

C. **Failure to Argue for a Lower Sentence**

Movant claims that Counsel was ineffective for failing to argue for a lower sentence. Specifically, she claims the wrong drug amount was used to calculate her offense level, and Counsel should have argued for a lower sentence.

It is well-settled that Counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Movant cannot make a case for ineffectiveness by making conclusory claims based on Counsel's failure to file motions, make objections, or follow his instructions. *United States*

9

*v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007).

The record shows that Movant stipulated to the amount of methamphetamine in her Factual Basis:

> That Kathy Jo Farrell knew that the amount involved during the term of the conspiracy involved 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual)[]. This amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably forseeable to the defendant, and was part of jointly undertaken activity.

Crim. ECF (Dkt. #204 at 1-2). This was the amount used in the PSR to calculate Movant's sentencing range. Crim. ECF (Dkt. #422 at 7). Based on Movant's stipulation to the drug amount, Counsel cannot be ineffective for failing to argue a frivolous point. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Furthermore, Movant is simply incorrect in her assertion that Counsel failed to argue for a lower sentence. At Movant's sentencing hearing, Counsel raised three objections to the PSR – all concerning the computation of her sentence. First, Counsel objected to the two-level increase for Movant using her home to store and distribute methamphetamine during the term of the conspiracy. Crim. ECF (Dkt. #750 at 5). Counsel also objected to the two-level increase because the methamphetamine in the conspiracy was derived from Mexico. *Id*. Finally, Counsel objected to the two-level increase for possessing a dangerous weapon. *Id*. at 6. The District Court overruled each of the objections. *Id*. at 8-9.

In sum, this issue is contradicted by the record. Movant fails to show that Counsel's performance was deficient or that it affected the outcome of her case, *Strickland*, 466 U.S. at 694, or that, but for Counsel's alleged conduct, she would not have pled guilty and would have insisted

on going to trial. *Hill,* 474 U.S. at 57-59. This issue is without merit.

**D.     Failure to Object to Sentence**

Movant again complains about Counsel's performance at sentencing. Specifically, she asserts that Counsel should have objected "to a sentence that was greater than necessary under *Booker* and 18 USC 3553(a) or argue for her mitigating factors under the *Booker* case." (Dkt. #1 at 7). It appears that the basis of Movant's argument is that the District Court assessed a sentence greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), district courts may vary from guidelines ranges based solely on policy considerations, including disagreements with the Guidelines. A district court need not make a "robotic incantation[]" of all the factors in Section 3553(a), however. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Again, the record contradicts Movant's argument. At Movant's sentencing hearing, the District Court stated:

> Based upon a preponderance of the evidence presented and the facts in the report, while viewing the Sentencing Guidelines as advisory, the Court concludes the Total Offense Level is 41, Criminal History Level is 1, which provides a[n] advisory Guideline range of 324 to 405 months.

Crim. ECF (Dkt. #750 at 10). The District Court further stated:

> Pursuant to the Sentencing Reform Act of 1984, having considered the factors noted in 18 U.S.C. Section 3553(a), and after having consulted the Advisory Sentencing Guidelines, it is the judgment of the Court that defendant, Kathy Jo Farrell, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 360 months on Count One of the Indictment. The sentence is within an Advisory Guideline range that is greater than 24 months, and the specific sentence is imposed after consideration of the factors set forth in 18 U.S.C. Section 3553(a).

*Id.* at 11-12. Finally, the District Court found the sentence to be reasonable in view of the nature and

11

circumstances of Movant's participation in a drug trafficking conspiracy involving the distribution of 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual). *Id*. at 14. The District Court considered that the quantities of methamphetamine were imported from Mexico, that Movant served as a source of supply for six months to one year, and that 1,118.8 grams of methamphetamine, a loaded Glock pistol, a mini revolver, ammunition, marijuana, a drug ledger, drug paraphernalia, and $4,000 in currency were found at her home during the execution of a search warrant. *Id*. at 14-15. The District Court also pointed to Movant's criminal history, her failure to comply with a previous term of probation, and her history of daily substance abuse. *Id*. at 15-16. "It will serve as just punishment, promote respect for the law, and deter future violations of the law." *Id*. at 16.

A movant cannot succeed in an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections, or to follow the movant's instructions. *Demik*, 489 F.3d at 647. Movant must specify what actions Counsel should have taken and how they would have changed the outcome of the case. *Id*. Movant fails to meet her burden. The record shows that the Court considered Section 3553(a) factors, and Counsel cannot be ineffective for failing to argue a frivolous point. *Koch*, 907 F.2d at 527. This issue is without merit.

## IV. CONCLUSION

In conclusion, Movant fails to show that she instructed Counsel to file an appeal; therefore, she is not entitled to an out-of-time appeal. She also fails to show that Counsel's performance was deficient or that it affected the outcome of her case, *Strickland*, 466 U.S. at 694, or that, but for Counsel's alleged conduct, she would not have pled guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 57-59. For these reasons, the motion should be denied.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's

13

§ 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE